ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
GORDON E. DAVENPORT, III
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Gordon.davenport.iii@usdoj.gov
Attorneys for Plaintiff

**FILED**

2018 FEB 21  PM 3: 15

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

　　　　Plaintiff,

vs.

ALFONSO JOSE MENDEZ JR,

　　　　Defendant.

CR18-260TUC JAS (DTF)

I N D I C T M E N T

Violations:
18 U.S.C. § 1001
(False Statement)
Count 1

18 U.S.C. § 1621
(Perjury)
Count 2

**THE GRAND JURY CHARGES:**

<u>**COUNT 1**</u>

On or about the 31st day of August, 2016, at or near Tucson, in the District of Arizona, ALFONSO MENDEZ, at that time, the Special Investigative Agent for Federal Correctional Complex, Tucson, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by stating "I did not state to McClintock that I shipped off the hard drives and other computer pieces I had acquired (from former Warden Winn's computers) to be examined," during an interview conducted by B.K. Cregan, an officer of the Federal Bureau of Prisons, Office of Internal Affairs (BOP-OIA), at the FCC Tucson BOP facility.

1  At the time and place aforesaid, the BOP-OIA was conducting an investigation into
2  a complaint of staff conduct by Warden J.T. Shartle pertaining to Theft or Misuse of
3  Government Property by ALFONSO MENDEZ. It was material to the aforesaid
4  investigation to determine whether ALFONSO MENDEZ had ever previously represented
5  "he had shipped off the hard drives and other computer pieces" he had acquired from
6  former Warden Louis Winn's computers to be examined.
7  The statement and representation was false because, as ALFONSO MENDEZ then
8  and there knew, he had made such a statement to Warden Susan McClintock on August 17,
9  2016 and had made substantially similar claims to other individuals on multiple occasions.
10  All in violation of 18 U.S.C. Sec. 1001.

## COUNT 2

12  On or about the 3rd day of July, 2014, in the District of Arizona, ALFONSO
13  MENDEZ, at that time, the Special Investigative Agent for Federal Correctional Complex,
14  Tucson, having duly taken an oath, before Marie Watts, a competent officer of the Equal
15  Employment Opportunity Commission, during an investigation duly authorized by the
16  Commission, a case in which Title 5, U.S.C., Section 303 authorizes an oath to be
17  administered, that he would testify truly, did willfully and knowingly and contrary to said
18  oath state material matter which he did not believe to be true, that is to say:
19  At the time and place aforesaid, the Commission was conducting an investigation
20  into the circumstances relevant to the investigation of the complaint of Charles Ayers, BOP
21  Complaint 2013-01017 (Subsequently, EEOC 540-2014-00153X). It was material to the
22  aforesaid investigation to determine whether ALFONSO MENDEZ had ever claimed
23  Charles Ayers was "disloyal."
24  At the time and place aforesaid in paragraph 1, ALFONSO MENDEZ appeared as
25  a witness before the Commission, and then and there being under oath as aforesaid, testified
26  falsely before the Commission with respect to the aforesaid material matter as follows:
27  "*Q. Okay. And then that way – and then of course, you'll be free to add anything else you
28  want – but the first issue is he believes he was verbally attacked and assaulted. So he said*

*on numerous occasions, Mr. Mendez mentioned a – called Mr. Ayers disloyal and indicated that Mr. Ayers had chosen the wrong side. A. That's a false statement."*

ALFONSO MENDEZ did initial each page of the printed transcript of his statement to the commission. ALFONSO MENDEZ further signed the Witness Statement Certification at the end of the statement on July 10, 2014.

The aforesaid underscored testimony of ALFONSO MENDEZ, as he then and there well knew and believed, was false in that on several occasions he had called Mr. Ayers disloyal. Among the occasions, was November 4, 2013, during an interview with the Threat Assessment Team investigating the allegations. During that interview, ALFONSO MENDEZ did state to the Threat Assessment Team that Ayers was "disloyal, dishonest, and deceptive."

All in violation of 18 U.S.C. Sec. 1621.

A TRUE BILL

/s/
_____
Presiding Juror

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
/s/
Gordon E. Davenport III

Assistant U.S. Attorney

Dated: February ___, 2018.

FEB 2 1 2018

REDACTED FOR
PUBLIC DISCLOSURE